NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0554n.06

No. 12-3462

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Jun 07, 2013*

DEBORAH S. HUNT, Clerk

|                                         |     |                            |
|-----------------------------------------|-----|----------------------------|
| TRICIA LEWIS; DRAKE LEWIS;              | )   |                            |
| MALEAH YOUNG,                           | )   |                            |
|                                         | )   |                            |
|     Plaintiffs-Appellants, | )   |                            |
|                                         | )   |                            |
| v.                                      | )   |                            |
|                                         | )   |                            |
| MYRON D. WHEATLEY,                      | )   | ON APPEAL FROM THE UNITED  |
|                                         | )   | STATES DISTRICT COURT FOR THE |
|     Defendant,      | )   | NORTHERN DISTRICT OF OHIO  |
|                                         | )   |                            |
|     and             | )   |                            |
|                                         | )   |                            |
| ASHTABULA METROPOLITAN                  | )   |                            |
| HOUSING AUTHORITY,                      | )   |                            |
|                                         | )   |                            |
|     Defendant-Appellee. | )   |                            |

Before: BOGGS, GIBBONS, and COOK, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge.** This case arises from the claims of Tricia Lewis and her children against the Ashtabula Metropolitan Housing Authority ("AMHA"), leasing agents, and assorted contractors. The plaintiffs claim that they suffered from health problems stemming from the presence of mold and microbiological contaminants in their apartment during their participation in the Section 8 Housing Program as tenants of a property at 5943 Runkle Avenue in Ashtabula, Ohio. The plaintiffs initially filed their complaint in the Ashtabula Court of Common Pleas, and the defendants removed the case to federal court. AMHA then filed a motion to dismiss

the claims against it, which the district court granted. The plaintiffs now appeal the district court's dismissal of their claims brought pursuant to 42 U.S.C. § 1983 and its denial of their motion to amend their complaint. We affirm.

## I.

The plaintiffs were participants in the Section 8 Housing Program funded by the United States Department of Housing and Urban Development ("HUD"). In Ashtabula, this program is administered by the AMHA. Under the program, prospective tenants approach a private landlord to determine whether the landlord would be amenable to participating in the Section 8 housing program. If the landlord agrees, the prospective tenants must then seek approval from AMHA. AMHA will only approve the request if the unit (1) is eligible, (2) has been inspected and found to comply with housing-quality standards prescribed by HUD, (3) has a proposed lease including the tenancy addendum prescribed by HUD, and (4) has a reasonable rent. *See* 24 C.F.R. § 982.305(a). HUD regulations mandate that AMHA inspect the unit annually during its occupancy to determine if it continues to meet those housing-quality standards. *See* 24 C.F.R. § 982.405(a). In this case, after AMHA approved the request, AMHA and the renting defendants executed a "HAP contract" memorializing AMHA's commitment to make rental-subsidy payments. *See* 24 C.F.R. § 982.1(b)(2).

The plaintiffs brought this lawsuit claiming that the Runkle Avenue property did not meet HUD's housing-quality standards and that "improper inspections and repairs" were made to the property. The plaintiffs allege that none of the defendants conducted testing for microbiological contamination due to dampness. As a result of this failure to inspect, Lewis alleges that she and her

children have suffered "catastrophic and debilitating injuries." Further, Lewis asserts that AMHA "affirmatively exercised [its] authority in a manner that created a danger to Tricia Lewis and her two minor children and/or used [its] authority in a way that rendered Tricia Lewis and her two minor children more vulnerable to danger" than if AMHA had not acted at all. AMHA filed a motion to dismiss the claims against it.

On January 5, 2012, the magistrate judge submitted a report and recommendation proposing that AMHA's motion to dismiss be granted. The plaintiffs then filed objections to the report and recommendation and the defendants responded. The district court largely adopted the magistrate judge's recommendations— dismissing the plaintiffs' federal law claims with prejudice, denying the plaintiffs' request to amend their complaint as futile, and remanding the plaintiffs' state law claims to the Ashtabula County Court of Common Pleas. The district court held that the plaintiffs' claims pursuant to 42 U.S.C. § 1983 failed because: (1) the United States Housing Act of 1936, 42 U.S.C. § 1437 ("USHA"), and its implementing regulations do not provide a private right of action under which the plaintiffs may bring suit; and (2) the plaintiffs alleged only inaction by the AMHA and therefore could not properly plead that a state-created danger caused their injuries. The district court also denied the plaintiffs' motion to amend their complaint on the basis that amendment would be futile. On appeal, the plaintiffs-appellants argue that the district court improperly granted AMHA's motion to dismiss and improperly denied their motion to amend their complaint.

## II.

We review a district court's ruling on a motion to dismiss *de novo*. *Erie Cnty. v. Morton Salt, Inc.*, 702 F.3d 860, 867 (6th Cir. 2012). We review the denial of a motion to amend under the

abuse-of-discretion standard "unless the motion was denied because the amended pleading would not withstand a motion to dismiss, in which case the standard of review is de novo." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (internal quotation marks omitted).

### III.

No party challenges the district court's order remanding the plaintiffs' state-law claims to the Ashtabula County Court of Common Pleas. Therefore, we address only the plaintiffs' claim that the AMHA violated their rights pursuant to the USHA and its implementing regulations, as well as their claim that the AMHA violated their rights pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.

### A.

Regarding the plaintiffs' claim pursuant to the USHA, we have noted that § 1437 "is merely a policy statement" and therefore does not provide a private right of action. *Howard v. Pierce*, 738 F.2d 722, 727 n.9 (6th Cir. 1984). More specifically, "[a]lthough residents of public housing undoubtedly 'benefit' from the statutory provisions at issue, the language of § 1437f has an aggregate focus on the entity being regulated, thereby belying any intent to create rights enforceable by individual tenants." *Johnson v. City of Detroit*, 446 F.3d 614, 627 (6th Cir. 2006). Therefore, the USHA "does not give rise to an individual entitlement enforceable under § 1983." *Id.* "[B]ecause . . . the relevant provisions of . . . the USHA do not confer personal federal rights upon plaintiff[s] that are enforceable under § 1983, the federal regulations promulgated pursuant to these statutes are likewise incapable of independently conferring such rights." *Id.* at 629. In fact, the regulations themselves say as much. 24 C.F.R. § 982.406 states that:

> Part 982 does not create any right of the family, or any party other than HUD or the [administering state agency], to require enforcement of the HQS requirements by HUD or the [administering state agency], or to assert any claim against HUD or the [administering state agency], for damages, injunction or other relief, for alleged failure to enforce the HQS.

We are bound by our opinion in *Johnson* and therefore affirm the district court's dismissal of the plaintiffs' claims pursuant to § 1437 and its implementing regulations.

**B.**

We are thus left only with the plaintiffs' claims that AMHA caused a "state-created danger" to Lewis and her children, in violation of the Fifth and Fourteenth Amendments. The state-created-danger doctrine cited by the plaintiffs derives from the Supreme Court's opinion in *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189 (1989). In *DeShaney*, the Supreme Court articulated the general rule that "nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors." *Id.* at 195. The Supreme Court acknowledged only one departure from that rule, noting that "when the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *Id.* at 199–200. Under this doctrine, we have held that a plaintiff also may succeed under a state-created-danger theory if the State "cause[s] or greatly increase[s] the risk of harm to its citizens . . . through its own affirmative acts." *Jones v. Reynolds*, 438 F.3d 685, 690 (6th Cir. 2006) (internal quotation marks omitted). To succeed under this theory, a plaintiff must allege three elements:

> (1) an affirmative act by the state which either created or increased the risk that the plaintiff would be exposed to an act of violence by a third party; (2) a special danger to the plaintiff wherein the state's actions placed the plaintiff specifically at risk, as distinguished from a risk that affects the public at large; and (3) the state knew or should have known that its actions specifically endangered the plaintiff.

*Id.* (internal quotation marks omitted). In this case, the plaintiffs allege only that AMHA exposed them to a state-created danger by failing to inspect or failing to adequately inspect their Section 8 rental property. However, this claim fails under the first part of this circuit's test—the plaintiffs have not alleged an affirmative act by AMHA that created or increased the risk to them. As in prior cases in which we have declined to find a state-created danger, these plaintiffs have not shown that state actors "took any *affirmative* action that exposed [the plaintiffs] to any danger to which [they were] not already exposed." *See id.* at 691; *Sargi v. Kent City Bd. of Educ.*, 70 F.3d 907, 913 (6th Cir. 1995).

We need not decide in this case whether an action under a state-created-danger theory may ever be properly pled against a state agency administering a Section 8 housing program because here no affirmative action has been alleged. We have held that a failure to act cannot satisfy the "affirmative act" requirement. *Koulta v. Merciez*, 477 F.3d 442, 445–46 (6th Cir. 2007). Therefore, AMHA's failure to inspect the property—or failure to inspect it to the plaintiffs' satisfaction—cannot serve as a basis for liability under a state-created-danger theory. Any danger to plaintiffs from microbiological or other contaminants existed at the property independent of any involvement by AMHA, and the plaintiffs have not alleged that any affirmative act of the agency exacerbated the danger to plaintiffs at the property.

12-3462
*Lewis v. Wheatley*

**IV.**

Finally, the plaintiffs seek reversal of the district court's denial of their motion to amend their complaint. This claim is also without merit. The plaintiffs did not submit a separate motion to amend their complaint but sought such relief only in the alternative, if the district court were to find their complaint to be deficient. The plaintiffs did not submit a proposed amended complaint, seeking merely "the opportunity to amend their complaint to make additional factual allegations." A district court may deny a motion to amend as futile, as the district court did in this case, when the proposed amendment would not survive a motion to dismiss. *Brown v. Owens Corning Inv. Review Comm.*, 622 F.3d 564, 574 (6th Cir. 2010). Given that even an amended complaint could not survive a motion to dismiss, and the plaintiffs have not provided any additional factual allegations that they would submit in an amended complaint, the district court properly dismissed the motion to amend on the basis that the amendment would be futile.

**V.**

For the foregoing reasons, we affirm the judgment of the district court.